## SUPREME COURT.

### Jane Swanson agt. John F. Cooke.

A party who seeks to enforce in our courts a judgment rendered abroad, which could have been enforced there by payment in *gold*, cannot be allowed here the *premium* on gold, which would make the amount of our legal tender notes equal to gold there.

*New York Special Term, March,* 1866.

The plaintiff seeks to enforce a judgment made by a court in New Providence, directing the defendant to pay into and invest in the public funds there certain moneys which he improperly withdrew and used for his own purposes. A judgment was rendered for the plaintiff, and an accounting ordered, with directions to pay the balance due into court. The referee has taken the accounting, and allowed the premium on gold in addition. To this the defendant excepts.

Chas. Edwards, *for defendant.*
Benedict, Burr & Benedict, *for plaintiff.*

Ingraham, J. The plaintiff when she comes into this court to enforce payment of moneys due her, must seek such redress according to our laws. She cannot, because the debt, if paid abroad, would have been paid in a currency equal to gold, ask the courts here to add to the nominal amount a sum sufficient to enable her to take it back to the place where it was payable and replace it there in gold. If it was an ordinary debt payable in dollars, and the parties resort to our courts, they must fare as citizens would sueing for debts due here. In such a case they would only recover the nominal amount of dollars with interest.

So if the debt is for so many pounds sterling, the recovery can only be for that sum converted into dollars, at

the rate which the pound sterling bears to a dollar, without any regard to the rate of exchange between the two countries, owing to the want of a specie currency here. The defendant concedes that amount to be at the rate of $4.84 for a pound sterling. The parties both agree upon that rate as the nominal value of a pound sterling, although I have some doubt on that point. I shall take that rate as the proper one, and as they both agree at what the sum would be at that rate, there is no need of sending the case back to the referee. The allowance of a premium on the amount was improper.

The plaintiff may take judgment for $8,863.60 for principal, and $1,751.11 for interest, directing the payment of the same into court to abide the order of the court, with costs.